1  Jeffery Owensby, Esq. (SBN 105229)
   Sarah R. Lustig, Esq. (SBN 255737)
2  REDIGER, McHUGH & OWENSBY, LLP
   555 Capitol Mall, Suite 1240
3  Sacramento, California 95814
   Telephone: (916) 442-0033
4  Facsimile: (916) 498-1246
   Email: jowensby@rmlaw.net
5
6  Attorney for Defendants,
   SUTTER HEALTH, DENISE WAGERS
7  DOUG GUNTER and GINA GUNTER
8
9                        UNITED STATES DISTRICT COURT
10                      EASTERN DISTRICT OF CALIFORNIA
11                           SACRAMENTO DIVISION

12  MARIE ANGEL, individually,              )   Case No.: _____
                                            )
13              Plaintiff,                   )   (Sacramento County Superior Court Case No.
                                            )   34-2009-00055279)
14      vs.                                  )
                                            )   **NOTICE OF REMOVAL OF ACTION TO**
15  SUTTER HEALTH a business entity,         )   **FEDERAL DISTRICT COURT**
16  DENISE WAGERS an individual, DOUG        )   **PURSUANT TO 28 U.S.C. § 1441(b)**
    GUNTER an individual, GINA GUNTER an     )   **(FEDERAL QUESTION)**
17  individual and DOES 1 through 50, inclusive, )
18                                           )
                Defendants.                  )
19  _____ )

20  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21      PLEASE TAKE NOTICE that Defendants SUTTER HEALTH ("SUTTER"), DENISE

22  WAGERS ("WAGERS"), DOUG GUNTER ("D. GUNTER") and GINA GUNTER ("G.

23  GUNTER") (hereinafter collectively "Defendants") hereby jointly remove to this Court the state

24  court action described below.

25      1.   On or about July 2, 2009, an action was commenced in the Superior Court of the State

26  of California in and for the County of Sacramento, entitled *Marie Angel v. Sutter Health, et al.,* as

27  case number 34-2009-00055279. A copy of the Complaint and Summons, along with the entire state

28  Superior Court file in this matter, is attached hereto as Exhibit "A."

2. The Complaint that the Plaintiff MARIE ANGEL (hereinafter "Plaintiff") filed on or about July 2, 2009 alleged five (5) causes of action against SUTTER, WAGERS, D. GUNTER and Velda Weaver (hereinafter "Weaver"): (1) a state action for unlawful discrimination due to race, national origin, marital status, sex (against SUTTER); (2) a state action for unlawful harassment due to race, national origin, marital status, sex (against all Defendants); (3) a state action for wrongful termination in violation of public policy (against SUTTER); (4) intentional infliction of emotional distress (against all Defendants); and (5) a state action for negligent infliction of emotional distress (against all Defendants).

3. On or about September 21, 2009, SUTTER filed its answer to the Complaint. A copy of SUTTER's Answer, and the complete state Superior Court case file in this matter, is attached hereto as Exhibit "A."

4. On or about November 4, 2009, WAGERS, GUNTER and Weaver filed their answer to the Complaint. A copy of their Answer is included within the state court file in this matter, Exhibit "A."

5. On or about September 30, 2009, Defendants SUTTER, WAGERS, GUNTER and Weaver filed a motion for summary judgment or a motion for summary adjudication on each of the five causes of action in the alternative. A copy of said motion, Plaintiff's opposition and SUTTER's reply, are included within the state court file in this matter, Exhibit "A."

6. On or about November 30, 2009, the Plaintiff, MARIE ANGEL (hereinafter "Plaintiff") dismissed her claims against WAGERS, D. GUNTER and Velda Weaver without prejudice. A copy of said motion is included within the state court file in this matter, Exhibit "A."

7. On or about December 27, 2010, the state Superior Court issued a tentative ruling on SUTTER's motion for summary judgment or for summary adjudication, dismissing the Fourth Cause of Action, the Fifth Cause of Action, and Plaintiff's claim for punitive damages. A copy of said tentative ruling is included within the state court file in this matter, Exhibit "A."

8. On or about January 4, 2011, the state Superior Court issued an order granting SUTTER's motion for summary adjudication as to the Fourth Cause of Action, the Fifth Cause of

1 | Action, and Plaintiff's claim for punitive damages. A copy of the state Superior Court's Order is
2 | included within the state court file in this matter, Exhibit "A."

3 | 9. On or about February 22, 2011, SUTTER filed a motion to bifurcate trial. A copy of
4 | said motion, Plaintiff's Opposition and SUTTER's Reply are included within the state court file in
5 | this matter, Exhibit "A."

6 | 10. On or about May 8, 2011, the state Superior Court issued a tentative ruling denying
7 | SUTTER's motion to bifurcate trial without prejudice to SUTTER's reassertion before the trial
8 | judge on the grounds that the trial judge would be in the best position to determine the order in
9 | which such matters should be heard at trial. Neither party requested oral arguments. Therefore on or
10 | about April 12, 2011 the state Superior Court issued a minute order adopting its tentative ruling. A
11 | copy of the tentative ruling and minute order are included within the state court file in this matter,
12 | Exhibit "A."

13 | 11. On or about May 3, 2011, Plaintiff filed a motion to amend the original complaint.
14 | The proffered First Amended Complaint sought to add five (5) new causes of action: 1) a state action
15 | for intentional infliction of emotional distress against Defendant G. GUNTER; 2) a state action for
16 | negligent infliction of emotional distress against Defendant G. GUNTER; 3) a state action for
17 | intentional interference with a prospective economic advantage against Defendant G. GUNTER; 4) a
18 | state action for negligent interference with a prospective economic advantage against Defendant G.
19 | GUNTER; and 5) a federal action for a violation of 42 U.S.C. § 1981 against Defendants SUTTER,
20 | WAGERS and D. GUNTER. This was the first time Plaintiff sought to include a federal cause of
21 | action within her Complaint. A copy of said motion, SUTTER's opposition and Plaintiff's reply are
22 | included within the state court file in this matter, Exhibit "A."

23 | 12. On or about May 25, 2011, the state Superior Court issued a tentative ruling granting
24 | Plaintiff's motion to amend the complaint. Neither party requested oral arguments. Therefore on or
25 | about May 26, 2011 the state Superior Court issued a minute order adopting its tentative ruling. A
26 | copy of the tentative ruling and minute order are included within the state court file in this matter,
27 | Exhibit "A."

28 | ///

13. On or about May 26, 2011, Plaintiff filed in the Superior Court of California a First Amended Complaint for Damages and Injunctive Relief against Defendants SUTTER, WAGERS, D. GUNTER and G. GUNTER. A copy of the First Amended Complaint and Summons are attached hereto as Exhibit "B."

14. The first date upon which any Defendant received a copy of said First Amended Complaint was on or about May 31, 2011. Plaintiff mailed to counsel for Defendants the First Amended Complaint on May 27, 2011, but counsel for Defendants did not receive the First Amended Complaint until May 31, 2011.

15. On or about June 8, 2011, Plaintiff sent to the Superior Court of California to be filed a Stipulation and Order For Leave to File Second Amended Complaint to Correct the Case Caption signed by counsel for Plaintiff and counsel for Defendants. A true and correct copy of said Stipulation along with the letter sent to the Court is attached hereto as Exhibit "C." A copy of the proposed Second Amended Complaint is attached to the stipulation as an exhibit. Defendants have not yet received a copy of the file-endorsed Stipulation and do not know whether it has yet been filed.

### Jurisdiction

16. This action is a civil action commenced in state court of which this Court has original jurisdiction under 28 U.S.C. §1331 (2009), and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) (2011) in that the Eighth Cause of Action in Plaintiff's First Amended Complaint arises under federal law, specifically 42 U.S.C. § 1981 (2011).

17. This Notice of Removal of Civil Action to Federal District Court is timely filed pursuant to 28 U.S.C. § 1446 (2011). Defendant has filed this Notice within 30 days after Defendants received the tentative ruling that Plaintiff's motion to amend the complaint had been granted, when Defendants were first put on notice that this case had become removable.

18. Venue is proper in this Court under 28 U.S.C. § 1441 (2011), in that this is the Court for the district embracing the place where the action is pending in state Superior Court.

///

1       19.    The state Superior Court file in this matter constitute all of the pleadings and papers

2   served upon Defendants in this action, and all orders of the state Superior Court in this matter.

3       20.    All defendants who have been served with the Summons and First Amended

4   Complaint have joined in this Notice of Removal, as evidenced by the fact that all named

5   Defendants jointly remove said action.

6       5.    Assignment to the Sacramento Division of the Eastern District of California is

7   appropriate because the state court action is pending in Sacramento County, California and because

8   the alleged unlawful acts occurred in Sacramento County, California.

9   DATED: June 13, 2011.            **REDIGER, McHUGH & OWENSBY, LLP**

By _____
JEFFERY OWENSBY / SARAH R. LUSTIG
Attorney for Defendants,
SUTTER HEALTH, DENISE WAGERS,
DOUG GUNTER and GINA GUNTER

# EXHIBIT "A"

(Notice of Removal - filed 6/15/11)
(Marie Angel v. Sutter Health, et al.)

**(PART 1 OF 11)**

EXHIBIT "A"



For conservATioN
PurposES AND EASE
OF TRANSPORT/
MAILING, EXHIBIT "A"
WAS provided to
PLAINTIFF VIA C.D.

*EXHIBIT "B"*

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:** SUTTER HEALTH, a business entity,
*(AVISO AL DEMANDADO):* DENISE WAGERS, an individual,
VELDA WEAVER, an individual, DOUG
GUNTER, an individual and DOES 1
through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARIE ANGEL

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso)* |
| Sacramento County Superior Court | 34-2009-00055279 |
| 720 9th Street | |
| Sacramento, CA 95814 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Douglas W. Dal Cielo (SBN 1571090
BURKE, WILLIAMS & SORENSEN, LLP
2440 West El Camino Real, Suite 620, Mountain View, California 94040

| DATE: | MAY 2 6 2011 | Clerk, by | A. WOODWARD | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date)*

Page 1 of 1

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

1  Douglas W. Dal Cielo (SBN 157109)
   E-mail: ddalcielo@bwslaw.com
2  Brian M. Affrunti (SBN 227072)
   E-mail: baffrunti@bwslaw.com
3  BURKE, WILLIAMS & SORENSEN, LLP
   2440 West El Camino Real, Suite 620
4  Mountain View, California 94040-1499
   Tel. 650.327.2672   Fax: 650.688.8333
5
   Attorneys for Plaintiff
6  MARIE ANGEL

**FILED/ENDORSED**

MAY 2 6 2011

By: _A. WOODWARD_
        Deputy Clerk

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF SACRAMENTO

10

11  MARIE ANGEL, individually,              Case No. 34-2009-00055279

12              Plaintiff,                   **PLAINTIFF MARIE ANGEL'S FIRST**
                                             **AMENDED COMPLAINT FOR DAMAGES**
13       v.                                  **AND INJUNCTIVE RELIEF**

14  SUTTER HEALTH, a business entity,
    DENISE WAGERS, an individual,
15  VELDA WEAVER, an individual, DOUG
    GUNTER, an individual and DOES 1
16  through 50, inclusive

17              Defendants.

18

19       Plaintiff MARIE ANGEL ("Plaintiff" or "Angel") alleges as follows:

20                          **GENERAL ALLEGATIONS**

21  **PARTIES**

22       1.      Plaintiff is a United States citizen who was born in Mexico and is Mexican race

23  and ancestry.  She was the only non-Caucasian in her unit to attain her high level of authority and

24  also the only single female in her unit.  She was an employee of Defendant, Sutter Health, for

25  over six years, ultimately as a claims representative, until she was wrongfully terminated on or

26  about March 9, 2009, due to unlawful discrimination  She is an individual and at all relevant

27  times herein, resided in and/or conducted business in Sacramento County  At all times herein

28  mentioned, Plaintiff was qualified for the position she held and performed her job satisfactorily.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4835-9265-9209 v2                        - 1 -

1  Douglas W. Dal Cielo (SBN 157109)
   E-mail: ddalcielo@bwslaw.com
2  Brian M. Affrunti (SBN 227072)
   E-mail: baffrunti@bwslaw.com
3  BURKE, WILLIAMS & SORENSEN, LLP
   2440 West El Camino Real, Suite 620
4  Mountain View, California 94040-1499
   Tel: 650.327.2672    Fax: 650.688.8333
5
   Attorneys for Plaintiff
6  MARIE ANGEL

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SACRAMENTO

10

11  MARIE ANGEL, individually,          Case No. 34-2009-00055279

12              Plaintiff,              **PLAINTIFF MARIE ANGEL'S FIRST
                                        AMENDED COMPLAINT FOR DAMAGES
13      v.                              AND INJUNCTIVE RELIEF**

14  SUTTER HEALTH, a business entity,
    DENISE WAGERS, an individual,
15  VELDA WEAVER, an individual, DOUG
    GUNTER, an individual and DOES 1
16  through 50, inclusive

17              Defendants.

18

19      Plaintiff MARIE ANGEL ("Plaintiff" or "Angel") alleges as follows:

20                      **GENERAL ALLEGATIONS**

21  **PARTIES**

22      1.      Plaintiff is a United States citizen who was born in Mexico and is Mexican race

23  and ancestry.  She was the only non-Caucasian in her unit to attain her high level of authority and

24  also the only single female in her unit.  She was an employee of Defendant, Sutter Health, for

25  over six years, ultimately as a claims representative, until she was wrongfully terminated on or

26  about March 9, 2009, due to unlawful discrimination.  She is an individual and at all relevant

27  times herein, resided in and/or conducted business in Sacramento County.  At all times herein

28  mentioned, Plaintiff was qualified for the position she held and performed her job satisfactorily.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Silicon Valley

MP #4835-9265-9209 v2                          - 1 -

PLAINTIFF MARIE ANGEL'S FIRST AMENDED COMPLAINT

1       2.     Defendant, Sutter Health (hereinafter "Sutter"), is and at all times herein

2   mentioned was, a business entity doing business in California with its headquarters and principal

3   place of business in Sacramento County. Defendant is subject to suit under the California Fair

4   Employment and Housing Act, Government Code sections 12900, *et seq.* (hereinafter "FEHA"),

5   in that it regularly employs in excess of 50 employees.

6       3.     Defendant, Denise Wagers (hereinafter "Wagers"), is and at all times herein

7   mentioned was, unless otherwise mentioned, a Claims Supervisor working for Sutter and in doing

8   the actions mentioned below was acting within the course and scope of her authority as employee

9   and with the permission and consent of co-defendants. Wagers was Plaintiff's direct supervisor at

10   all times herein mentioned. Wagers conducted business in and, upon information and belief,

11   resides in Sacramento County.

12       4.     Defendant, Doug Gunter (hereinafter "Gunter"), is and at all times herein

13   mentioned was, unless otherwise mentioned, a Claims Administrator working for Sutter and in

14   doing the actions mentioned below was acting within the course and scope of her authority as

15   employee and with the permission and consent of co-defendants. Gunter held authority over

16   Plaintiff at all times herein mentioned. Gunter conducted business in and, upon information and

17   belief, resides in Sacramento County.

18       5.     Defendant, Gina Gunter (hereinafter "Gina"), is and at all times herein mentioned

19   was an individual with her principal place of residence within the State of California, County of

20   Sacramento.

21       6.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as

22   Does 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names.

23   Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

24   Plaintiff is informed and believes and thereon alleges that each of the fictitiously named

25   Defendants is responsible in some manner for the Plaintiff's injuries and occurrences herein

26   alleged.

27       7.     Plaintiff is informed and believes and thereon alleges that at all times herein

28   mentioned each of the Defendants were the agents, servants, and employees of their

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4835-9265-9209 v2     - 2 -

PLAINTIFF MARIE ANGEL'S FIRST AMENDED COMPLAINT

1    Co-Defendants, and in doing the things hereinafter alleged were acting within the course and

2    scope of their authority as such agents, servants, and employees, and with the permission and

3    consent of their Co-Defendants.

4        8.      At all material times, Defendants, Does one through fifty were supervisory or

5    management employees of Defendant.

6        9.      Plaintiff is informed and believes and thereupon alleges that, at all times material

7    herein, each Defendant was completely dominated and controlled by his, her or its co-Defendant

8    and each was the alter ego of the other.

9        10.     Whenever and wherever reference is made in this complaint to any act or failure to

10    act by a defendant or defendants, such allegations and reference shall also be deemed to mean the

11    acts and failures to act of each defendant acting individually, jointly, and severally. Whenever

12    and wherever reference is made to individuals who are not named as plaintiff or defendants in this

13    complaint but who were employees/agents of Sutter, such individuals at all relevant times acted

14    on behalf of Sutter within the course and scope of their employment.

15        11.     Plaintiff is informed and believes and thereupon alleges that, at all times material

16    herein, Defendants, and each of them and their, agents/employees or supervisors, authorized,

17    condoned and ratified the unlawful conduct of each other.

18        12.     Plaintiff is informed and believes and thereupon alleges that, at all times material

19    herein, defendants, and/or their agents/employees knew or reasonably should have known that

20    unless they intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate,

21    discipline, and/or otherwise penalize the conduct of the employees of Sutter set forth above, the

22    remaining defendants and employees perceived the conduct and omissions as being ratified and

23    condoned.

24    **FACTS COMMON TO ALL CAUSES OF ACTION**

25        13.     The alleged wrongful acts complained of herein, including harassment and

26    discrimination, occurred in Sacramento County.

27        14.     On or about 2001, Sutter hired Plaintiff as a technical specialist and was promoted

28    to claims representative on or about 2005. Throughout her employment, the composition of her

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4835-9265-9209 v2          - 3 -

1    unit was entirely that of married women, except for two married men and Plaintiff, who was a

2    single woman. It was well known to the people at Sutter with whom Plaintiff interacted that

3    Plaintiff was Mexican and a single woman. Plaintiff was friends with one of the men in her

4    department, Gunter.

5        15.    On or about 2006, Gunter became Plaintiff's supervisor and they continued to be

6    friends, spoke often, and went to lunch together occasionally. On or about late 2006, a lower-

7    level employee, Larissa Killian (hereinafter "Killian"), complained that Gunter was giving

8    favorable treatment to Plaintiff at work. Killian's complaint was completely baseless and

9    Plaintiff is informed and believes and thereon alleges that she made it solely in retaliation for the

10   fact that Plaintiff was promoted to a position for which Killian applied. Plaintiff is informed and

11   believes and thereon alleges that Gunter's wife, **Gina**, knew of this complaint. Immediately

12   thereafter, Gunter pulled Plaintiff aside, acknowledged that their relationship was merely

13   workplace friendliness, but told her that he did not want other employees to develop

14   misunderstandings and for that reason he would discontinue going to lunch with her. Gunter's

15   demeanor toward Plaintiff otherwise did not change after the complaint and they continued to be

16   friends.

17       16.    During Plaintiff's employment, Gunter subjected Plaintiff to discrimination and

18   harassment based on her race and national origin. Gunter once asked Plaintiff if she worked as a

19   fieldworker on weekends. Gunter frequently referred to Mexicans as "your people." On one

20   occasion, when the office had ordered Mexican food for lunch, Gunter asked Plaintiff if she was

21   "tired of eating Mexican food all the time."

22       17.    Additionally, on occasions when Plaintiff did not understand something, Gunter

23   would comment that "English is not [Plaintiff's] language" or that he "did not expect her to

24   understand."

25       18.    On several occasions when various vendors offered free sample merchandise,

26   Gunter commented to Plaintiff that "it's not for the help" and once commented to Plaintiff that

27   she was supposed to clean up.

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4835-9265-9209 v2                          - 4 -

PLAINTIFF MARIE ANGEL'S FIRST AMENDED COMPLAINT

1    19.    On one occasion, Gunter commented to Plaintiff "Mexicans don't have any

2    money, what are you doing here" and once told Plaintiff she would never be promoted because

3    she was Mexican.

4    20.    Gunter once told Plaintiff a joke that Mexicans cannot barbeque because the beans

5    always fall into the fire.

6    21.    Gunter also gave Plaintiff Spanish themed gifts including valentines day heart

7    candy with Spanish words and once intentionally wrote "Maria," in reference to the traditional

8    Spanish version, as opposed to Plaintiff's proper name of Marie in a greeting card to Plaintiff.

9    22.    On or about late 2007, Gunter stepped-down from his position as Claims

10   Supervisor but continued in the unit as Claims Administrator.  Thereafter, Sutter hired Wagers as

11   Claims Supervisor.  Wagers was already a friend of Gunter's because Wagers previously worked

12   with Gunter's wife, Gina, and remained friends with her.  Throughout Wagers' employment at

13   Sutter, Wagers would often continue to meet Gunter's wife, Gina, for lunch.

14   23.    Since Sutter hired Wagers on or about late 2007 through the time Sutter

15   wrongfully terminated Plaintiff, Wagers subjected Plaintiff to a campaign of discrimination and

16   harassment, in whole or in part, because Plaintiff was the only single woman working with her

17   friend's husband, Gunter, and motivated by her stereotypical prejudice including that single

18   women are more sexually aggressive than married people and that they have more money and

19   time.  Furthermore, Wagers' campaign of discrimination and harassment toward Plaintiff was

20   motivated, in whole or in part, because Plaintiff did not fit the stereotype of a Mexican woman,

21   which would include being humble, married, and not career-oriented, and was the only non-

22   Caucasian in the unit to hold such a high position.  Many other employees in Plaintiff's unit

23   treated Plaintiff in a manner that reflected stereotypical assumptions of single Mexican women.

24   24.    Since, on or about late 2007 and throughout Plaintiff's employment with Sutter,

25   Wagers subjected Plaintiff to discrimination and harassment, for example, Wagers did not greet

26   Plaintiff but would greet others.  Wagers would often make sarcastic comments about her being a

27   successful single Mexican woman, for example stating "It's Friday, your shoes and coat don't

28   have to match," she would refer to Plaintiff's possessions as expensive and then state, "oh well,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4835-9265-9209 v2                          - 5 -

PLAINTIFF MARIE ANGEL'S FIRST AMENDED COMPLAINT

1   you can afford it," and she once told Plaintiff that "only you and the manager dress that nicely."

2   Once during a meeting, Wagers did not like the speaker and told Plaintiff to "throw [her] rings at

3   her," referring to the jewelry Plaintiff was wearing.  During the six months preceding Plaintiff's

4   termination, Wagers started calling Plaintiff "Moneybags" and speaking sarcastically about a

5   vacation Plaintiff took and how married people with children could not go on those types of

6   vacations, and furthermore that "nobody but [Plaintiff] comes back from a vacation thinner."

7        25.     During the six months preceding Plaintiff's termination, During a work function,

8   Wagers very-clearly expressed her stereotypical opinion about single Mexican women by telling

9   Plaintiff that the shoes Plaintiff was wearing were "Fuck-me shoes."

10        26.     During the last year of Plaintiff's employment, Wagers subjected Plaintiff to

11   further discrimination and harassment based on her race and national origin, including asking

12   Plaintiff if she held a second job as a fieldworker as all Mexicans do and also commenting that

13   Plaintiff had large breasts as all Mexicans have large breasts.

14        27.     Plaintiff recognized that Wagers had targeted her for harassment immediately

15   following Wager's hire, and immediately began complaining to her manager, Velda Weaver

16   (hereinafter "Weaver.").  Plaintiff made several complaints about Wagers' treatment toward her

17   throughout her employment.  Plaintiff is informed and believes and thereon alleges that Weaver

18   did not act on Plaintiff's complaints, or investigate them.

19        28.     On or about January 9, 2008 and again on or about March 28, 2008, just weeks

20   after Wagers was hired, Wagers gave Plaintiff her first-ever and then second-ever negative

21   performance reviews.  The reviews purported to show that Plaintiff failed to meet time lines, but

22   the standards were applied arbitrarily.  Plaintiff at all times performed her job satisfactorily.

23   Plaintiff is informed and believes and thereon alleges that Plaintiff did more work and handled

24   more difficult work than others in her unit.  Notwithstanding this, Plaintiff asked for a reduced

25   workload to protect herself, but her request was denied.  Plaintiff brought her concerns to Weaver

26   who admitted she had a policy of not investigating complaints by supervisors and did nothing to

27   at the time to aid Plaintiff.  Plaintiff is informed and believes and thereon alleges that the decision

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4835-9265-9209 v2                                    - 6 -

PLAINTIFF MARIE ANGEL'S FIRST AMENDED COMPLAINT

1   not to reduce her workload came from Wagers. Her performance reviews and work standards
2   reflected and constituted discrimination and harassment against Plaintiff.

3       29.     On or about July 9, 2008, Plaintiff feared that she was being set-up to be
4   terminated. She volunteered to prepare a performance "corrective action plan" to protect herself
5   against the arbitrary performance standards to which she had been subjected. Weaver approved
6   Plaintiff's plan.

7       30.     On or about October 2008, Weaver told Plaintiff that her performance since July
8   had been satisfactory and she had no remaining performance issues.

9       31.     On or about January 8, 2009, Wagers' performance was evaluated. Wagers
10  admitted that Plaintiff's "report card" was "better than most."

11      32.     On or about January 2009, Gunter filed a complaint against Plaintiff with Sutter
12  accusing her of sexually harassing him. The claim was without basis. Thereafter, Gunter's
13  wife's friend, Wagers, told Plaintiff what was going on and told her words to the effect that "you
14  don't belong here." Thereafter, Plaintiff spoke with Weaver and told her that Wagers was trying
15  to have her fired. Weaver said she understood the situation with Gunter and not to worry about it
16  because it did not require a formal complaint to Human Resources. Weaver failed to investigate
17  Wagers' motives or take action to protect Plaintiff from harassment or discrimination from
18  Wagers. Thereafter, someone formally brought Gunter's complaint to the human resources
19  department.

20      33.     On March 3, 2009, Gina wrote an e-mail to her friend Wagers demanding that
21  actions be taken against Plaintiff. The e-mail to Wagers included a plea to her friend that if
22  actions are not taken against Plaintiff, Gunter will be forced to resign his position which would
23  place Gina and Gunter in financial strain. The March 3, 2009 e-mail to Wagers from Gina was
24  flagged as "high" importance by Gina.

25      34.     On or about March 8, 2009, a Sunday, and five days after Wagers received the e-
26  mail from Gina, Wagers boxed up most of Plaintiff's possessions in and around her desk without
27  permission. Furthermore, Wagers failed to include certain personal items which remain missing,

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4835-9265-9209 v2                         - 7 -

PLAINTIFF MARIE ANGEL'S FIRST AMENDED COMPLAINT

1   and broke others. Wagers did this with intent to harass Plaintiff in violation of Sutter's standard

2   procedures.

3       35.    On or about March 9, 2009, Monday morning, Plaintiff began receiving phone

4   calls from co-workers that her possessions were missing causing Plaintiff distress. Plaintiff called

5   her supervisor, Wagers, and was informed that Sutter terminated her employment.

6       36.    Plaintiff claims that Sutter terminated her because she was a single Mexican

7   woman on account of her race, national origin, marital status, and sex. Upon her termination,

8   Plaintiff received a termination notice purporting to list the reasons for her termination as "sexual

9   harassment" toward Gunter and supported further by the performance reviews given by Wagers.

10  The cited incidents of purported sexual harassment were false. The cited performance issues

11  were false when they were made, and were furthermore moot according to her most recent

12  performance evaluations and statement by Weaver that her performance was satisfactory. The

13  accusation of sexual harassment merely crystallized the discriminatory perspective of plaintiff

14  and the culture of discrimination and stereotypical assumptions against single women in a

15  department full of married people. For example, the termination letter cites to a conversation

16  about a video of a falling skier with his pants down and genitalia exposed. That conversation was

17  initiated by a different employee who was not disciplined and who further forced Plaintiff into the

18  conversation by asking Plaintiff if she had seen it or if she had heard about it. She then asked

19  Plaintiff it that skier was Plaintiff's boyfriend. She made these statements to Plaintiff because

20  Plaintiff was single. Furthermore, several other co-workers were involved in the conversation

21  and notably, Gunter was sitting nearby visibly laughing. The conversation was attributed to

22  Plaintiff because she was a single woman. Likewise, the investigation was tainted by

23  stereotypical assumptions of single women as being more sexually aggressive than married

24  people.

25      37.    Furthermore, to the extent that there is a purported harassment policy at Sutter, it

26  was applied to Plaintiff unfairly and arbitrarily because she was a single Mexican woman. The

27  arbitrariness is evident, for example in that several of Plaintiff's co-workers have joked on

28  different occasions about Plaintiff's breasts in front Plaintiff's co-workers and supervisors who

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4835-9265-9209 v2      - 8 -

PLAINTIFF MARIE ANGEL'S FIRST AMENDED COMPLAINT

1    would laugh. Gunter, himself, often made ethnic jokes directed toward Plaintiff because she is
2    Mexican, including those stated herein. Furthermore, just weeks before Plaintiff was fired,
3    Gunter's co-worker jokingly announced to the department that movie night was going to be her
4    "first date with [Gunter]," at which co-workers laughed and one said, "It will be dark in there."
5    Plaintiff was not involved in that conversation. Plaintiff is informed and believes and thereon
6    alleges that the comments were not treated as serious by Sutter because the woman who made
7    those remarks was married.

8         38.    On May 20, 2009, within one year of the last date of the pattern of discrimination
9    committed by defendant, Plaintiff filed a charge of discrimination with the California Department
10   of Fair Employment and Housing (DFEH) against defendants. A true and correct copy of these
11   charges are appended hereto as "Exhibit A," and are incorporated herein by this reference as
12   though fully set forth.

13        39.    On May 28, 2009, the DFEH issued to plaintiff right-to-sue letters for the
14   defendants giving Plaintiff notice of a right to bring a civil action based on the charges that are
15   "Exhibit A" to this complaint. A copy of those notices are attached hereto as "Exhibit B," and are
16   incorporated herein by this reference as though fully set forth.

17                                **FIRST CAUSE OF ACTION**

18   **(Unlawful Discrimination Due To Race, National Origin, Marital Status, And Sex
      In Violation of Fair Employment and Housing Act, Civ. Code § 12900 *et seq.*)**
19
                              **(Against Defendant Sutter)**
20

21        40.    The allegations set forth in Paragraphs 1 through 39 are realleged and incorporated
22   herein by this reference.

23        41.    Defendant's discriminatory actions against Plaintiff, as alleged above including
24   but not limited to permitting harassment, negative performance evaluations, status thereafter, and
25   ultimate termination, constituted unlawful discrimination in employment on account of race,
26   national origin, marital status, and sex in Violation of , in violation of FEHA.

27        42.    Plaintiff believes and thereon alleges that her race, national origin, marital status,
28   and sex were factors in Defendant's willful, knowing, and intentional acts and omissions

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4835-9265-9209 v2                          - 9 -

PLAINTIFF MARIE ANGEL'S FIRST AMENDED COMPLAINT

constituting, authorizing, condoning and ratifying discrimination and harassment toward her as set forth hereinabove. Such discrimination is in violation of Government code section 12940 et seq. and has resulted in damage and injury to Plaintiff as alleged herein.

43.     As a proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, and additional amounts of money Plaintiff would have received if she were not wrongfully terminated. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof at trial.

44.     As a further proximate result of defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that she has suffered the intangible losses of such employment-related opportunities such as opportunity for advancement an experience. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof at trial.

45.     As a further proximate result of defendant's discriminatory actions against plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, including but not limited to anxiety and depression. For these Plaintiff has incurred expenses and will incur expenses, including medical expenses. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

46.     The above-recited actions of Defendant were done with malice, fraud, or oppression, and in reckless disregard of the Plaintiff's rights under FEHA. Specifically, Defendant knowingly and intentionally condoned, ratified and encouraged the discrimination and harassment against Plaintiff including but not limited to ratifying the discriminatory stereotypes in its investigation applying it policies arbitrarily to eliminate Plaintiff.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

**(Unlawful Harassment Due To Race, National Origin, Marital Status, And Sex In Violation of Fair Employment and Housing Act, Civ. Code § 12900 *et seq.*)**

**(Against Defendant Sutter)**

47.     The allegations set forth in Paragraphs 1 through 46 are realleged and incorporated herein by this reference.

48.     Sutter's manager, Weaver, supervisor, Wagers, and administrator, Gunter, engaged in the acts of harassing Plaintiff alleged hereinabove in their capacity as managers, supervisors or superiors over Plaintiff, and with the intent of harassing Plaintiff on account of her race, national origin, marital status, and sex. These acts of harassment were sufficiently severe or pervasive and violated Government code section 12940 *et seq*.

49.     Sutter had knowledge that it and its manager, supervisor, agents, and employees engaged in the acts of harassing Plaintiff on account of her race, national origin, marital status, and sex alleged hereinabove. Sutter had knowledge of the intolerable conditions caused by the acts but failed to take any steps to end those conditions.

50.     Sutter did not exercise reasonably care to prevent and promptly correct any harassing or discriminatory behavior involving its employees. Upon learning of Plaintiff's complaint of harassment and discrimination, Sutter failed to undertake an effective, thorough, objective, and complete investigation, in a manner which is free of stereotypical assumptions, of the situation complained of. To the extent that there was an investigation, Plaintiff is informed and on that basis believes and contends that it was ineffective and not commensurate with the severity of the offense complained of by Plaintiff and was not communicated to Plaintiff, the alleged harassers, nor as appropriate, to all others directly concerned.

51.     Plaintiff is informed and on that basis believes and contends that Sutter could have reasonably anticipated the possibilities of harassment based on race, national origin, marital status, and sex occurring in the workplace.

52.     As a proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

1  benefits, and additional amounts of money Plaintiff would have received if she were not

2  wrongfully terminated.  As a result of such discrimination and consequent harm, Plaintiff has

3  suffered such damages in an amount according to proof at trial.

4      53.    As a further proximate result of defendants' harassment against Plaintiff, as

5  alleged above, Plaintiff has been harmed in that she has suffered the intangible losses of such

6  employment-related opportunities such as opportunity for advancement an experience.  As a

7  result of such discrimination and consequent harm, Plaintiff has suffered such damages in an

8  amount according to proof at trial.

9      54.    As a further proximate result of defendants' harassment against plaintiff, as

10  alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental

11  anguish, and emotional and physical distress, and has been injured in mind and body, including

12  but not limited to anxiety and depression.  For these Plaintiff has incurred expenses and will incur

13  expenses, including medical expenses.  As a result of such discrimination and consequent harm,

14  Plaintiff has suffered such damages in an amount according to proof.

15      WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

16  **THIRD CAUSE OF ACTION**

17  **(Wrongful Termination In Violation Of Public Policy)**

18  **(Against Defendant Sutter)**

19      55.    The allegations set forth in Paragraphs 1 through 54 are realleged and incorporated

20  herein by this reference.

21      56.    As hereinabove alleged, Sutter terminated Plaintiff's employment on account of

22  Plaintiff's race, national origin, marital status, and sex which violated FEHA and thus violated

23  California's public policy prohibiting discrimination based on the same.

24      57.    As a proximate result of Sutter's conduct, Plaintiff has suffered harm, including

25  lost earnings and other employment benefits, humiliation, embarrassment, and mental anguish, all

26  to her damage in an amount to be established at trial.

27      58.    In doing the acts set forth above, Sutter knew that it was ratifying, condoning, and

28  acting in a way to subject Plaintiff to unlawful discrimination and harassment based on her race,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4835-9265-9209 v2    - 12 -

PLAINTIFF MARIE ANGEL'S FIRST AMENDED COMPLAINT

1  national origin, marital status, and sex, however, proceeded to act, including terminating her

2  employment.

3      WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

4                    **FOURTH CAUSE OF ACTION**

5              **(Intentional Infliction Of Emotional Distress)**

6                    **(Against Defendant Gina)**

7      59.    The allegations set forth in Paragraphs 1 through 58 are realleged and incorporated

8  herein by this reference.

9      60.    Gina is a long-time friend of Wagers. At all relevant times herein, Gina was not

10  employed by Sutter.

11      61.    Through the friendship between Gina and Wagers, Gina was able to exert extreme

12  pressure on Wagers to take an adverse employment action against Plaintiff, ultimately resulting in

13  the termination of Plaintiff.

14      62.    Within days of Gina sending an e-mail to Wagers demanding and pleading that

15  actions be taken against Plaintiff due to problems the relationship between Plaintiff and Gunter

16  had caused between Gunter and Gina and the potential financial strain it would place on Gunter

17  and Gina should Gunter decide to resign his position, Plaintiff was terminated.

18      63.    Gina's conduct as alleged herein was outrageous, intentional and malicious, and

19  done for the purpose of causing Plaintiff so suffer humiliation, mental anguish, and emotional and

20  physical distress.

21      64.    As a proximate result of the acts alleged above, Plaintiff suffered humiliation,

22  mental anguish, and severe emotional and physical distress, and has been injured in mind and

23  body including stress, anxiety, depression.

24      65.    As a further proximate result of the acts alleged above, Plaintiff has incurred

25  expenses and will incur expenses, including medical expenses. Plaintiff is informed and believes

26  and thereon alleges that she will incur some additional medical expenses, the exact amount of

27  which is unknown.

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Silicon Valley

MP #4835-9265-9209 v2                    - 13 -

PLAINTIFF MARIE ANGEL'S FIRST AMENDED COMPLAINT

66.     By reason of the acts alleged above, Plaintiff was prevented from attending to Plaintiff's usual occupation as a claims representative and thereby lost earnings. Plaintiff is informed and believes and thereon alleges, that Plaintiff will thereby be prevented from attending to Plaintiff's usual occupation for a period in the future which Plaintiff cannot ascertain, and will thereby sustain further loss of earnings.

67.     The acts of defendants alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Negligent Infliction Of Emotional Distress)

### (Against Defendant Gina)

68.     The allegations set forth in Paragraphs 1 through 67 are realleged and incorporated herein by this reference.

69.     Gina owed Plaintiff a duty of ordinary care. Gina had full knowledge that Wagers was Plaintiff's direct supervisor. It was foreseeable, and known by Gina, that due to her close friendship with Wagers, Gina had the ability to influence the management decisions made by Wagers and Sutter relating to Plaintiff's employment.

70.     Gina took advantage of her close relationship with Wagers and exerted pressure upon Wagers to take an adverse employment action against Plaintiff with pleas of alleged problems Plaintiff had caused between Gina and Gunter and further pleas of potential financial consequences that could result should Gunter resign his position.

71.     Gina knew or should have known that her actions toward Plaintiff as hereinabove alleged would cause Plaintiff to suffer emotional distress.

72.     As a proximate result of the acts alleged above, Plaintiff suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body including stress, anxiety, depression.

73.     As a further proximate result of the acts alleged above, Plaintiff has incurred expenses and will incur expenses, including medical expenses. Plaintiff is informed and believes

1    and thereon alleges that she will incur some additional medical expenses, the exact amount of

2    which is unknown.

3        74.    By reason of the acts alleged above, Plaintiff was prevented from attending to

4    Plaintiff's usual occupation as a claims representative and thereby lost earnings. Plaintiff is

5    informed and believes and thereon alleges, that Plaintiff will thereby be prevented from attending

6    to Plaintiff's usual occupation for a period in the future which Plaintiff cannot ascertain, and will

7    thereby sustain further loss of earnings.

8        WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

9                        **SIXTH CAUSE OF ACTION**

10           **(Intentional Interference With Prospective Economic Advantage)**

11                        **(Against Defendant Gina)**

12       75.    The allegations set forth in Paragraphs 1 through 74 are realleged and incorporated

13   herein by this reference.

14       76.    Plaintiff has been employed by Sutter since 2001.  Gina knew of the employment

15   relationship between Plaintiff and Sutter.

16       77.    Through the friendship between Gina and Wagers, Gina was able to exert extreme

17   pressure on Wagers to take an adverse employment action against Plaintiff, ultimately resulting in

18   the termination of Plaintiff.

19       78.    Within days of Gina sending an e-mail to Wagers demanding and pleading that

20   actions be taken against Plaintiff due to problems the relationship between Plaintiff and Gunter

21   had caused between Gunter and Gina and the potential financial strain it would place on Gunter

22   and Gina should Gunter decide to resign his position, Plaintiff was terminated.

23       79.    As a proximate result of the acts alleged above, Plaintiff was prevented from

24   attending to Plaintiff's usual occupation as a claims representative and thereby lost earnings.

25   Plaintiff is informed and believes and thereon alleges, that Plaintiff will thereby be prevented

26   from attending to Plaintiff's usual occupation for a period in the future which Plaintiff cannot

27   ascertain, and will thereby sustain further loss of earnings.

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4835-9265-9209 v2                        - 15 -

PLAINTIFF MARIE ANGEL'S FIRST AMENDED COMPLAINT

1   80. The acts of defendants alleged above were willful, wanton, malicious, and

2 oppressive, and justify the awarding of exemplary and punitive damages.

3   WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

4         **SEVENTH CAUSE OF ACTION**

5   **(Negligent Interference With Prospective Economic Advantage)**

6        **(Against Defendant Gina)**

7   81. The allegations set forth in Paragraphs 1 through 80 are realleged and incorporated

8 herein by this reference.

9   82. Plaintiff has been employed by Sutter since 2001. Gina knew or should have

10 known of the employment relationship between Plaintiff and Sutter.

11   83. Through the friendship between Gina and Wagers, Gina was able to exert extreme

12 pressure on Wagers to take an adverse employment action against Plaintiff, ultimately resulting in

13 the termination of Plaintiff. Gina knew or should have known that her actions would result in an

14 adverse employment action against Plaintiff.

15   84. Within days of Gina sending an e-mail to Wagers demanding and pleading that

16 actions be taken against Plaintiff due to problems the relationship between Plaintiff and Gunter

17 had caused between Gunter and Gina and the potential financial strain it would place on Gunter

18 and Gina should Gunter decide to resign his position, Plaintiff was terminated.

19   85. As a proximate result of the acts alleged above, Plaintiff was prevented from

20 attending to Plaintiff's usual occupation as a claims representative and thereby lost earnings.

21 Plaintiff is informed and believes and thereon alleges, that Plaintiff will thereby be prevented

22 from attending to Plaintiff's usual occupation for a period in the future which Plaintiff cannot

23 ascertain, and will thereby sustain further loss of earnings.

24   WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Silicon Valley

MP #4835-9265-9209 v2    - 16 -

PLAINTIFF MARIE ANGEL'S FIRST AMENDED COMPLAINT

# EIGHTH CAUSE OF ACTION

## (Violation of 42 U.S.C. Section 1981)

## (Against Defendants Sutter, Wagers and Gunter)

86.    The allegations set forth in Paragraphs 1 through 85 are realleged and incorporated herein by this reference.

87.    Plaintiff has been employed by Sutter since 2001.

88.    Plaintiff was treated adversely in her employment based on her race and national origin insofar as Sutter, Wagers and Gunter interfered with the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship between Plaintiff and Sutter, including without limitation, the termination of that contract in violation of 42 U.S.C. section 1981(b). That adverse treatment included being harassed and ultimately terminated as a result of Plaintiff's race and national origin.

89.    As a proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, and additional amounts of money Plaintiff would have received if she were not wrongfully terminated. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof at trial.

90.    As a further proximate result of defendants' harassment against Plaintiff, as alleged above, Plaintiff has been harmed in that she has suffered the intangible losses of such employment-related opportunities such as opportunity for advancement an experience. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof at trial.

91.    As a further proximate result of defendants' harassment against plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, including but not limited to anxiety and depression. For these Plaintiff has incurred expenses and will incur expenses, including medical expenses. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

92.     The conduct of Sutter, Wagers and Gunter was intentional discrimination based upon race and national origin.  The acts of Sutter, Wagers and Gunter alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

**AS TO THE FIRST, SECOND AND EIGHTH CAUSES OF ACTION:**

1.     For reasonable attorneys' fees pursuant to Government Code Section 12965(b) and 42 U.S.C. Section 1988(b).

2.     For back pay, front pay, and other monetary relief according to proof.

**AS TO THE FOURTH, SIXTH AND EIGHTH CAUSES OF ACTION:**

1.     For punitive damages in an amount appropriate to punish defendant for its wrongful conduct and set an example for others.

**AS TO ALL CAUSES OF ACTION:**

1.     For general damages according to proof;

2.     For special damages, including medical, according to proof;

3.     For interest on the sum of damages awarded, calculated (date discrimination began) to the date of judgment;

4.     For costs of suit herein incurred; and

5.     For such other and further relief as the Court deems proper.


Dated: May 26, 2011                              BURKE, WILLIAMS & SORENSEN, LLP


                                                By: _____
                                                Douglas W. Dal Cielo
                                                Brian M. Affrunti
                                                Attorneys for Plaintiff
                                                MARIE ANGEL

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4835-9265-9209 v2                              - 18 -

PLAINTIFF MARIE ANGEL'S FIRST AMENDED COMPLAINT

*EXHIBIT "C"*

2440 West El Camino Real  -  Suite 620
Mountain View, California  94040-1499
voice 650.327.2672 - fax 650.688.8333
www.bwslaw.com

BURKE, WILLIAMS & SORENSEN, LLP

Direct No.:  650.681.8316
baffrunti@bwslaw.com

June 8, 2011

**VIA PERSONAL DELIVERY**

The Honorable David I. Brown
Superior Court of California
County of Sacramento
Department 53
800 Ninth Street, 3rd Floor
Sacramento, California

> Re:   Angel v. Sutter Health, et al.
> <u>Sacramento Superior Court Case No. 34-2009-00055279</u>

Dear Judge Brown:

Enclosed please find two copies of a "Stipulation and Order For Leave to File Second Amended Complaint to Correct Case Caption."  The filing of the proposed Second Amended Complaint is necessary to correct the case caption of the First Amended Complaint to reflect that Gina Gunter has been added as a party to this case. Without the correction to the case caption, the Clerk of the Court is not able to issue a summons to Gina Gunter.

As stated in the enclosed stipulation, the proposed Second Amended Complaint contains no changes from the First Amended Complaint with the exception of updating the case caption to correctly identify the current defendants.  A copy of the proposed Second Amended Complaint is attached to the Stipulation and Order as Exhibit A.

If the stipulation meets with your approval, please sign and have your clerk file the order provided at the conclusion of the stipulation permitting Plaintiff to file the Second Amended Complaint.   Please have your clerk return the file-endorsed Stipulation and Order in the enclosed self-addressed envelope.  Upon receipt of the order for leave to file the Second Amended Complaint, Plaintiff will submit the Second Amended Complaint for filing forthwith.

BURKE, WILLIAMS & SORENSEN, LLP

The Honorable David I. Brown
June 8, 2011
Page 2

Thank you for your consideration of this matter.

Very truly yours,

BURKE, WILLIAMS & SORENSEN, LLP

BRIAN M. AFFRUNTI

Enclosure

cc:   Jeffery Owensby, Esq. (via e-mail)

MP #4846-9952-9481 v1

Douglas W. Dal Cielo (SBN 157109)
E-mail: ddalcielo@bwslaw.com
Brian M. Affrunti (SBN 227072)
E-mail: baffrunti@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
2440 West El Camino Real, Suite 620
Mountain View, California 94040-1499
Tel: 650.327.2672   Fax: 650.688.8333

Attorneys for Plaintiff
MARIE ANGEL

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

| MARIE ANGEL, individually, | Case No. 34-2009-00055279 |
|---|---|
| Plaintiff, | **STIPULATION AND ORDER FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO CORRECT CASE CAPTION** |
| v. | |
| SUTTER HEALTH, a business entity, DENISE WAGERS, an individual, DOUG GUNTER, an individual, GINA GUNTER, an individual, and DOES 1 through 50, inclusive, | |
| Defendants. | |

Plaintiff seeks leave to file a second amended complaint on the following premises:

1.     On May 26, 2011, the Honorable David I. Brown issued an order permitting Plaintiff to file a First Amended Complaint, including adding defendant Gina Gunter as a defendant.

2.     In accordance therewith, Plaintiff filed her First Amended Complaint on May 26, 2011.

3.     Due to an inadvertent mistake, the First Amended Complaint filed by Plaintiff utilized the original case caption that did not identify Gina Gunter as a defendant. although Gina Gunter was identified in the body of the First Amended Complaint.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4829-4231-2201 v2                                         - 1 -

STIPULATION AND ORDER FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

4.    As a result of this inadvertent mistake, Plaintiff was unable to obtain a Summons for Gina Gunter from the court clerk because Gina Gunter was not identified as a defendant in the case caption.

5.    In order to correct this mistake and enable a summons to be issued to Gina Gunter, Plaintiff seeks leave to file a Second Amendment Complaint. Plaintiff represents that the content of the Second Amended Complaint is identical to the First Amended Complaint. The only change is Gina Gunter was added to the case caption and Velda Weaver was removed from the case caption. A true and correct copy of the proposed Second Amended Complaint is attached hereto as Exhibit A.

6.    In accordance with the May 26, 2011 Order, Gina Gunter shall have twenty (20) days from completed service of the Second Amended Complaint to file a responsive pleading.

7.    The parties, by and through their respective counsel, hereby stipulate that the court grant plaintiff leave to file a second amended complaint to correct the caption as described above.

IT IS SO STIPULATED.

Dated: June ___8___, 2011

BURKE, WILLIAMS & SORENSEN, LLP

By: _____
Douglas W. Dal Ciglo
Brian M. Affrunti
Attorneys for Plaintiff
MARIE ANGEL

Dated: June ___2___, 2011

REDIGER, MCHUGH & OWENSBY, LLP

By: _____
Jeffery Owensby
Attorneys for Defendants
SUTTER HEALTH, DENISE WAGERS,
And DOUG GUNTER

IT IS HEREBY SO ORDERED:

Dated: _____

_____
Judge of the Superior Court

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4829-4231-2201 v2                    - 2 -

STIPULATION AND ORDER FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

*EXHIBIT A*

1   Douglas W. Dal Cielo (SBN 157109)
    E-mail: ddalcielo@bwslaw.com
2   Brian M. Affrunti (SBN 227072)
    E-mail: baffrunti@bwslaw.com
3   BURKE, WILLIAMS & SORENSEN, LLP
    2440 West El Camino Real, Suite 620
4   Mountain View, California 94040-1499
    Tel: 650.327.2672    Fax: 650.688.8333
5
    Attorneys for Plaintiff
6   MARIE ANGEL

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SACRAMENTO

10

11  MARIE ANGEL., individually,              Case No. 34-2009-00055279

12              Plaintiff,                    **PLAINTIFF MARIE ANGEL'S SECOND
                                             AMENDED COMPLAINT FOR DAMAGES**
13       v.                                   **AND INJUNCTIVE RELIEF**

14  SUTTER HEALTH, a business entity,
    DENISE WAGERS, an individual, DOUG
15  GUNTER, an individual, GINA GUNTER,
    an individual, and DOES 1 through 50,
16  inclusive,

17              Defendants.

18

19       Plaintiff MARIE ANGEL ("Plaintiff" or "Angel") alleges as follows:

20                    **GENERAL ALLEGATIONS**

21  **PARTIES**

22       1.    Plaintiff is a United States citizen who was born in Mexico and is Mexican race

23  and ancestry. She was the only non-Caucasian in her unit to attain her high level of authority and

24  also the only single female in her unit. She was an employee of Defendant, Sutter Health, for

25  over six years, ultimately as a claims representative, until she was wrongfully terminated on or

26  about March 9, 2009, due to unlawful discrimination. She is an individual and at all relevant

27  times herein, resided in and/or conducted business in Sacramento County. At all times herein

28  mentioned, Plaintiff was qualified for the position she held and performed her job satisfactorily.

BURKE, WILLIAMS &          MP #4826-2334-8489 v1              - 1 -
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY                    PLAINTIFF MARIE ANGEL'S SECOND AMENDED COMPLAINT

2.     Defendant, Sutter Health (hereinafter "Sutter"), is and at all times herein mentioned was, a business entity doing business in California with its headquarters and principal place of business in Sacramento County. Defendant is subject to suit under the California Fair Employment and Housing Act, Government Code sections 12900, *et seq.* (hereinafter "FEHA"), in that it regularly employs in excess of 50 employees.

3.     Defendant, Denise Wagers (hereinafter "Wagers"), is and at all times herein mentioned was, unless otherwise mentioned, a Claims Supervisor working for Sutter and in doing the actions mentioned below was acting within the course and scope of her authority as employee and with the permission and consent of co-defendants. Wagers was Plaintiff's direct supervisor at all times herein mentioned. Wagers conducted business in and, upon information and belief, resides in Sacramento County.

4.     Defendant, Doug Gunter (hereinafter "Gunter"), is and at all times herein mentioned was, unless otherwise mentioned, a Claims Administrator working for Sutter and in doing the actions mentioned below was acting within the course and scope of her authority as employee and with the permission and consent of co-defendants. Gunter held authority over Plaintiff at all times herein mentioned. Gunter conducted business in and, upon information and belief, resides in Sacramento County.

5.     Defendant, Gina Gunter (hereinafter "Gina"), is and at all times herein mentioned was an individual with her principal place of residence within the State of California, County of Sacramento.

6.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the Plaintiff's injuries and occurrences herein alleged.

7.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants were the agents, servants, and employees of their

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4826-2334-8489 v1                              - 2 -

PLAINTIFF MARIE ANGEL'S SECOND AMENDED COMPLAINT

1   Co-Defendants, and in doing the things hereinafter alleged were acting within the course and

2   scope of their authority as such agents, servants, and employees, and with the permission and

3   consent of their Co-Defendants.

4       8.    At all material times, Defendants, Does one through fifty were supervisory or

5   management employees of Defendant.

6       9.    Plaintiff is informed and believes and thereupon alleges that, at all times material

7   herein, each Defendant was completely dominated and controlled by his, her or its co-Defendant

8   and each was the alter ego of the other.

9      10.    Whenever and wherever reference is made in this complaint to any act or failure to

10   act by a defendant or defendants, such allegations and reference shall also be deemed to mean the

11   acts and failures to act of each defendant acting individually, jointly, and severally.  Whenever

12   and wherever reference is made to individuals who are not named as plaintiff or defendants in this

13   complaint but who were employees/agents of Sutter, such individuals at all relevant times acted

14   on behalf of Sutter within the course and scope of their employment.

15      11.    Plaintiff is informed and believes and thereupon alleges that, at all times material

16   herein, Defendants, and each of them and their, agents/employees or supervisors, authorized,

17   condoned and ratified the unlawful conduct of each other.

18      12.    Plaintiff is informed and believes and thereupon alleges that, at all times material

19   herein, defendants, and/or their agents/employees knew or reasonably should have known that

20   unless they intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate,

21   discipline, and/or otherwise penalize the conduct of the employees of Sutter set forth above, the

22   remaining defendants and employees perceived the conduct and omissions as being ratified and

23   condoned.

24   **FACTS COMMON TO ALL CAUSES OF ACTION**

25      13.    The alleged wrongful acts complained of herein, including harassment and

26   discrimination, occurred in Sacramento County.

27      14.    On or about 2001, Sutter hired Plaintiff as a technical specialist and was promoted

28   to claims representative on or about 2005.  Throughout her employment, the composition of her

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4826-2334-8489 v1      - 3 -

PLAINTIFF MARIE ANGEL'S SECOND AMENDED COMPLAINT

1   unit was entirely that of married women, except for two married men and Plaintiff, who was a

2   single woman. It was well known to the people at Sutter with whom Plaintiff interacted that

3   Plaintiff was Mexican and a single woman. Plaintiff was friends with one of the men in her

4   department, Gunter.

5       15.     On or about 2006, Gunter became Plaintiff's supervisor and they continued to be

6   friends, spoke often, and went to lunch together occasionally. On or about late 2006, a lower-

7   level employee, Larissa Killian (hereinafter "Killian"), complained that Gunter was giving

8   favorable treatment to Plaintiff at work. Killian's complaint was completely baseless and

9   Plaintiff is informed and believes and thereon alleges that she made it solely in retaliation for the

10  fact that Plaintiff was promoted to a position for which Killian applied. Plaintiff is informed and

11  believes and thereon alleges that Gunter's wife, Gina, knew of this complaint. Immediately

12  thereafter, Gunter pulled Plaintiff aside, acknowledged that their relationship was merely

13  workplace friendliness, but told her that he did not want other employees to develop

14  misunderstandings and for that reason he would discontinue going to lunch with her. Gunter's

15  demeanor toward Plaintiff otherwise did not change after the complaint and they continued to be

16  friends.

17      16.     During Plaintiff's employment, Gunter subjected Plaintiff to discrimination and

18  harassment based on her race and national origin. Gunter once asked Plaintiff if she worked as a

19  fieldworker on weekends. Gunter frequently referred to Mexicans as "your people." On one

20  occasion, when the office had ordered Mexican food for lunch, Gunter asked Plaintiff if she was

21  "tired of eating Mexican food all the time."

22      17.     Additionally, on occasions when Plaintiff did not understand something, Gunter

23  would comment that "English is not [Plaintiff's] language" or that he "did not expect her to

24  understand."

25      18.     On several occasions when various vendors offered free sample merchandise,

26  Gunter commented to Plaintiff that "it's not for the help" and once commented to Plaintiff that

27  she was supposed to clean up.

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4826-2334-8489 v1                        - 4 -

PLAINTIFF MARIE ANGEL'S SECOND AMENDED COMPLAINT

19.     On one occasion, Gunter commented to Plaintiff "Mexicans don't have any money, what are you doing here" and once told Plaintiff she would never be promoted because she was Mexican.

20.     Gunter once told Plaintiff a joke that Mexicans cannot barbeque because the beans always fall into the fire.

21.     Gunter also gave Plaintiff Spanish themed gifts including valentines day heart candy with Spanish words and once intentionally wrote "Maria," in reference to the traditional Spanish version, as opposed to Plaintiff's proper name of Marie in a greeting card to Plaintiff.

22.     On or about late 2007, Gunter stepped-down from his position as Claims Supervisor but continued in the unit as Claims Administrator. Thereafter, Sutter hired Wagers as Claims Supervisor. Wagers was already a friend of Gunter's because Wagers previously worked with Gunter's wife, Gina, and remained friends with her. Throughout Wagers' employment at Sutter, Wagers would often continue to meet Gunter's wife, Gina, for lunch.

23.     Since Sutter hired Wagers on or about late 2007 through the time Sutter wrongfully terminated Plaintiff, Wagers subjected Plaintiff to a campaign of discrimination and harassment, in whole or in part, because Plaintiff was the only single woman working with her friend's husband, Gunter, and motivated by her stereotypical prejudice including that single women are more sexually aggressive than married people and that they have more money and time. Furthermore, Wagers' campaign of discrimination and harassment toward Plaintiff was motivated, in whole or in part, because Plaintiff did not fit the stereotype of a Mexican woman, which would include being humble, married, and not career-oriented, and was the only non-Caucasian in the unit to hold such a high position. Many other employees in Plaintiff's unit treated Plaintiff in a manner that reflected stereotypical assumptions of single Mexican women.

24.     Since, on or about late 2007 and throughout Plaintiff's employment with Sutter, Wagers subjected Plaintiff to discrimination and harassment, for example, Wagers did not greet Plaintiff but would greet others. Wagers would often make sarcastic comments about her being a successful single Mexican woman, for example stating "It's Friday, your shoes and coat don't have to match," she would refer to Plaintiff's possessions as expensive and then state, "oh well,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4826-2334-8489 v1                                - 5 -

PLAINTIFF MARIE ANGEL'S SECOND AMENDED COMPLAINT

1    you can afford it," and she once told Plaintiff that "only you and the manager dress that nicely."

2    Once during a meeting, Wagers did not like the speaker and told Plaintiff to "throw [her] rings at

3    her," referring to the jewelry Plaintiff was wearing. During the six months preceding Plaintiff's

4    termination, Wagers started calling Plaintiff "Moneybags" and speaking sarcastically about a

5    vacation Plaintiff took and how married people with children could not go on those types of

6    vacations, and furthermore that "nobody but [Plaintiff] comes back from a vacation thinner."

7            25.    During the six months preceding Plaintiff's termination, During a work function,

8    Wagers very-clearly expressed her stereotypical opinion about single Mexican women by telling

9    Plaintiff that the shoes Plaintiff was wearing were "Fuck-me shoes."

10           26.    During the last year of Plaintiff's employment, Wagers subjected Plaintiff to

11   further discrimination and harassment based on her race and national origin, including asking

12   Plaintiff if she held a second job as a fieldworker as all Mexicans do and also commenting that

13   Plaintiff had large breasts as all Mexicans have large breasts.

14           27.    Plaintiff recognized that Wagers had targeted her for harassment immediately

15   following Wager's hire, and immediately began complaining to her manager, Velda Weaver

16   (hereinafter "Weaver."). Plaintiff made several complaints about Wagers' treatment toward her

17   throughout her employment. Plaintiff is informed and believes and thereon alleges that Weaver

18   did not act on Plaintiff's complaints, or investigate them.

19           28.    On or about January 9, 2008 and again on or about March 28, 2008, just weeks

20   after Wagers was hired, Wagers gave Plaintiff her first-ever and then second-ever negative

21   performance reviews. The reviews purported to show that Plaintiff failed to meet time lines, but

22   the standards were applied arbitrarily. Plaintiff at all times performed her job satisfactorily.

23   Plaintiff is informed and believes and thereon alleges that Plaintiff did more work and handled

24   more difficult work than others in her unit. Notwithstanding this, Plaintiff asked for a reduced

25   workload to protect herself, but her request was denied. Plaintiff brought her concerns to Weaver

26   who admitted she had a policy of not investigating complaints by supervisors and did nothing to

27   at the time to aid Plaintiff. Plaintiff is informed and believes and thereon alleges that the decision

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4826-2334-8489 v1                          - 6 -

PLAINTIFF MARIE ANGEL'S SECOND AMENDED COMPLAINT

1    not to reduce her workload came from Wagers. Her performance reviews and work standards

2    reflected and constituted discrimination and harassment against Plaintiff.

3        29.    On or about July 9, 2008, Plaintiff feared that she was being set-up to be

4    terminated. She volunteered to prepare a performance "corrective action plan" to protect herself

5    against the arbitrary performance standards to which she had been subjected. Weaver approved

6    Plaintiff's plan.

7        30.    On or about October 2008, Weaver told Plaintiff that her performance since July

8    had been satisfactory and she had no remaining performance issues.

9        31.    On or about January 8, 2009, Wagers' performance was evaluated. Wagers

10   admitted that Plaintiff's "report card" was "better than most."

11       32.    On or about January 2009, Gunter filed a complaint against Plaintiff with Sutter

12   accusing her of sexually harassing him. The claim was without basis. Thereafter, Gunter's

13   wife's friend, Wagers, told Plaintiff what was going on and told her words to the effect that "you

14   don't belong here." Thereafter, Plaintiff spoke with Weaver and told her that Wagers was trying

15   to have her fired. Weaver said she understood the situation with Gunter and not to worry about it

16   because it did not require a formal complaint to Human Resources. Weaver failed to investigate

17   Wagers' motives or take action to protect Plaintiff from harassment or discrimination from

18   Wagers. Thereafter, someone formally brought Gunter's complaint to the human resources

19   department.

20       33.    On March 3, 2009, Gina wrote an e-mail to her friend Wagers demanding that

21   actions be taken against Plaintiff. The e-mail to Wagers included a plea to her friend that if

22   actions are not taken against Plaintiff, Gunter will be forced to resign his position which would

23   place Gina and Gunter in financial strain. The March 3, 2009 e-mail to Wagers from Gina was

24   flagged as "high" importance by Gina.

25       34.    On or about March 8, 2009, a Sunday, and five days after Wagers received the e-

26   mail from Gina, Wagers boxed up most of Plaintiff's possessions in and around her desk without

27   permission. Furthermore, Wagers failed to include certain personal items which remain missing,

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4826-2334-8489 v1                          - 7 -

PLAINTIFF MARIE ANGEL'S SECOND AMENDED COMPLAINT

1   and broke others. Wagers did this with intent to harass Plaintiff in violation of Sutter's standard

2   procedures.

3       35.     On or about March 9, 2009, Monday morning, Plaintiff began receiving phone

4   calls from co-workers that her possessions were missing causing Plaintiff distress. Plaintiff called

5   her supervisor, Wagers, and was informed that Sutter terminated her employment.

6       36.     Plaintiff claims that Sutter terminated her because she was a single Mexican

7   woman on account of her race, national origin, marital status, and sex. Upon her termination,

8   Plaintiff received a termination notice purporting to list the reasons for her termination as "sexual

9   harassment" toward Gunter and supported further by the performance reviews given by Wagers.

10  The cited incidents of purported sexual harassment were false. The cited performance issues

11  were false when they were made, and were furthermore moot according to her most recent

12  performance evaluations and statement by Weaver that her performance was satisfactory. The

13  accusation of sexual harassment merely crystallized the discriminatory perspective of plaintiff

14  and the culture of discrimination and stereotypical assumptions against single women in a

15  department full of married people. For example, the termination letter cites to a conversation

16  about a video of a falling skier with his pants down and genitalia exposed. That conversation was

17  initiated by a different employee who was not disciplined and who further forced Plaintiff into the

18  conversation by asking Plaintiff if she had seen it or if she had heard about it. She then asked

19  Plaintiff it that skier was Plaintiff's boyfriend. She made these statements to Plaintiff because

20  Plaintiff was single. Furthermore, several other co-workers were involved in the conversation

21  and notably, Gunter was sitting nearby visibly laughing. The conversation was attributed to

22  Plaintiff because she was a single woman. Likewise, the investigation was tainted by

23  stereotypical assumptions of single women as being more sexually aggressive than married

24  people.

25      37.     Furthermore, to the extent that there is a purported harassment policy at Sutter, it

26  was applied to Plaintiff unfairly and arbitrarily because she was a single Mexican woman. The

27  arbitrariness is evident, for example in that several of Plaintiff's co-workers have joked on

28  different occasions about Plaintiff's breasts in front Plaintiff's co-workers and supervisors who

BURKE, WILLIAMS &   MP #4826-2334-8489 v1                    - 8 -
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY                      PLAINTIFF MARIE ANGEL'S SECOND AMENDED COMPLAINT

1  would laugh. Gunter, himself, often made ethnic jokes directed toward Plaintiff because she is

2  Mexican, including those stated herein. Furthermore, just weeks before Plaintiff was fired,

3  Gunter's co-worker jokingly announced to the department that movie night was going to be her

4  "first date with [Gunter],"at which co-workers laughed and one said, "It will be dark in there."

5  Plaintiff was not involved in that conversation. Plaintiff is informed and believes and thereon

6  alleges that the comments were not treated as serious by Sutter because the woman who made

7  those remarks was married.

8      38.    On May 20, 2009, within one year of the last date of the pattern of discrimination

9  committed by defendant, Plaintiff filed a charge of discrimination with the California Department

10  of Fair Employment and Housing (DFEH) against defendants. A true and correct copy of these

11  charges are appended hereto as "Exhibit A," and are incorporated herein by this reference as

12  though fully set forth.

13      39.    On May 28, 2009, the DFEH issued to plaintiff right-to-sue letters for the

14  defendants giving Plaintiff notice of a right to bring a civil action based on the charges that are

15  "Exhibit A" to this complaint. A copy of those notices are attached hereto as "Exhibit B," and are

16  incorporated herein by this reference as though fully set forth.

17                          **FIRST CAUSE OF ACTION**

18  **(Unlawful Discrimination Due To Race, National Origin, Marital Status, And Sex
    In Violation of Fair Employment and Housing Act, Civ. Code § 12900 *et seq.*)**

19

20                      **(Against Defendant Sutter)**

21      40.    The allegations set forth in Paragraphs 1 through 39 are realleged and incorporated

22  herein by this reference.

23      41.    Defendant's discriminatory actions against Plaintiff, as alleged above including

24  but not limited to permitting harassment, negative performance evaluations, status thereafter, and

25  ultimate termination, constituted unlawful discrimination in employment on account of race,

26  national origin, marital status, and sex in Violation of , in violation of FEHA.

27      42.    Plaintiff believes and thereon alleges that her race, national origin, marital status,

28  and sex were factors in Defendant's willful, knowing, and intentional acts and omissions

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4826-2334-8489 v1                        - 9 -

PLAINTIFF MARIE ANGEL'S SECOND AMENDED COMPLAINT

1    constituting, authorizing, condoning and ratifying discrimination and harassment toward her as

2    set forth hereinabove. Such discrimination is in violation of Government code section 12940 et

3    seq. and has resulted in damage and injury to Plaintiff as alleged herein.

4         43.    As a proximate result of Defendant's discriminatory actions against Plaintiff, as

5    alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary,

6    benefits, and additional amounts of money Plaintiff would have received if she were not

7    wrongfully terminated. As a result of such discrimination and consequent harm, Plaintiff has

8    suffered such damages in an amount according to proof at trial.

9         44.    As a further proximate result of defendants' discriminatory actions against

10   Plaintiff, as alleged above, Plaintiff has been harmed in that she has suffered the intangible losses

11   of such employment-related opportunities such as opportunity for advancement an experience.

12   As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an

13   amount according to proof at trial.

14        45.    As a further proximate result of defendant's discriminatory actions against

15   plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation,

16   mental anguish, and emotional and physical distress, and has been injured in mind and body,

17   including but not limited to anxiety and depression. For these Plaintiff has incurred expenses and

18   will incur expenses, including medical expenses. As a result of such discrimination and

19   consequent harm, Plaintiff has suffered such damages in an amount according to proof.

20        46.    The above-recited actions of Defendant were done with malice, fraud, or

21   oppression, and in reckless disregard of the Plaintiff's rights under FEHA. Specifically,

22   Defendant knowingly and intentionally condoned, ratified and encouraged the discrimination and

23   harassment against Plaintiff including but not limited to ratifying the discriminatory stereotypes

24   in its investigation applying it policies arbitrarily to eliminate Plaintiff.

25        WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4826-2334-8489 v1                        - 10 -

PLAINTIFF MARIE ANGEL'S SECOND AMENDED COMPLAINT

## SECOND CAUSE OF ACTION

**(Unlawful Harassment Due To Race, National Origin, Marital Status, And Sex In Violation of Fair Employment and Housing Act, Civ. Code § 12900 *et seq.*)**

**(Against Defendant Sutter)**

47.   .The allegations set forth in Paragraphs 1 through 46 are realleged and incorporated herein by this reference.

48.   Sutter's manager, Weaver, supervisor, Wagers, and administrator, Gunter, engaged in the acts of harassing Plaintiff alleged hereinabove in their capacity as managers, supervisors or superiors over Plaintiff, and with the intent of harassing Plaintiff on account of her race, national origin, marital status, and sex. These acts of harassment were sufficiently severe or pervasive and violated Government code section 12940 *et seq.*

49.   Sutter had knowledge that it and its manager, supervisor, agents, and employees engaged in the acts of harassing Plaintiff on account of her race, national origin, marital status, and sex alleged hereinabove. Sutter had knowledge of the intolerable conditions caused by the acts but failed to take any steps to end those conditions.

50.   Sutter did not exercise reasonably care to prevent and promptly correct any harassing or discriminatory behavior involving its employees. Upon learning of Plaintiff's complaint of harassment and discrimination, Sutter failed to undertake an effective, thorough, objective, and complete investigation, in a manner which is free of stereotypical assumptions, of the situation complained of. To the extent that there was an investigation, Plaintiff is informed and on that basis believes and contends that it was ineffective and not commensurate with the severity of the offense complained of by Plaintiff and was not communicated to Plaintiff, the alleged harassers, nor as appropriate, to all others directly concerned.

51.   Plaintiff is informed and on that basis believes and contends that Sutter could have reasonably anticipated the possibilities of harassment based on race, national origin, marital status, and sex occurring in the workplace.

52.   As a proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4826-2334-8489 v1                     - 11 -

PLAINTIFF MARIE ANGEL'S SECOND AMENDED COMPLAINT

1    benefits, and additional amounts of money Plaintiff would have received if she were not
2    wrongfully terminated. As a result of such discrimination and consequent harm, Plaintiff has
3    suffered such damages in an amount according to proof at trial.

4          53.    As a further proximate result of defendants' harassment against Plaintiff, as
5    alleged above, Plaintiff has been harmed in that she has suffered the intangible losses of such
6    employment-related opportunities such as opportunity for advancement an experience. As a
7    result of such discrimination and consequent harm, Plaintiff has suffered such damages in an
8    amount according to proof at trial.

9          54.    As a further proximate result of defendants' harassment against plaintiff, as
10   alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental
11   anguish, and emotional and physical distress, and has been injured in mind and body, including
12   but not limited to anxiety and depression. For these Plaintiff has incurred expenses and will incur
13   expenses, including medical expenses. As a result of such discrimination and consequent harm,
14   Plaintiff has suffered such damages in an amount according to proof.

15         WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

16                            **THIRD CAUSE OF ACTION**

17                  **(Wrongful Termination In Violation Of Public Policy)**

18                            **(Against Defendant Sutter)**

19         55.    The allegations set forth in Paragraphs 1 through 54 are realleged and incorporated
20   herein by this reference.

21         56.    As hereinabove alleged, Sutter terminated Plaintiff's employment on account of
22   Plaintiff's race, national origin, marital status, and sex which violated FEHA and thus violated
23   California's public policy prohibiting discrimination based on the same.

24         57.    As a proximate result of Sutter's conduct, Plaintiff has suffered harm, including
25   lost earnings and other employment benefits, humiliation, embarrassment, and mental anguish, all
26   to her damage in an amount to be established at trial.

27         58.    In doing the acts set forth above, Sutter knew that it was ratifying, condoning, and
28   acting in a way to subject Plaintiff to unlawful discrimination and harassment based on her race,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4826-2334-8489 v1                    - 12 -

PLAINTIFF MARIE ANGEL'S SECOND AMENDED COMPLAINT

1  national origin, marital status, and sex, however, proceeded to act, including terminating her

2  employment.

3      WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

4              **FOURTH CAUSE OF ACTION**

5          **(Intentional Infliction Of Emotional Distress)**

6              **(Against Defendant Gina)**

7      59.    The allegations set forth in Paragraphs 1 through 58 are realleged and incorporated

8  herein by this reference.

9      60.    Gina is a long-time friend of Wagers. At all relevant times herein, Gina was not

10  employed by Sutter.

11      61.    Through the friendship between Gina and Wagers, Gina was able to exert extreme

12  pressure on Wagers to take an adverse employment action against Plaintiff, ultimately resulting in

13  the termination of Plaintiff.

14      62.    Within days of Gina sending an e-mail to Wagers demanding and pleading that

15  actions be taken against Plaintiff due to problems the relationship between Plaintiff and Gunter

16  had caused between Gunter and Gina and the potential financial strain it would place on Gunter

17  and Gina should Gunter decide to resign his position, Plaintiff was terminated.

18      63.    Gina's conduct as alleged herein was outrageous, intentional and malicious, and

19  done for the purpose of causing Plaintiff so suffer humiliation, mental anguish, and emotional and

20  physical distress.

21      64.    As a proximate result of the acts alleged above, Plaintiff suffered humiliation,

22  mental anguish, and severe emotional and physical distress, and has been injured in mind and

23  body including stress, anxiety, depression.

24      65.    As a further proximate result of the acts alleged above, Plaintiff has incurred

25  expenses and will incur expenses, including medical expenses. Plaintiff is informed and believes

26  and thereon alleges that she will incur some additional medical expenses, the exact amount of

27  which is unknown.

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4826-2334-8489 v1                    - 13 -

PLAINTIFF MARIE ANGEL'S SECOND AMENDED COMPLAINT

1    66.    By reason of the acts alleged above, Plaintiff was prevented from attending to

2   Plaintiff's usual occupation as a claims representative and thereby lost earnings. Plaintiff is

3   informed and believes and thereon alleges, that Plaintiff will thereby be prevented from attending

4   to Plaintiff's usual occupation for a period in the future which Plaintiff cannot ascertain, and will

5   thereby sustain further loss of earnings.

6    67.    The acts of defendants alleged above were willful, wanton, malicious, and

7   oppressive, and justify the awarding of exemplary and punitive damages.

8    WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

9    **FIFTH CAUSE OF ACTION**

10   **(Negligent Infliction Of Emotional Distress)**

11   **(Against Defendant Gina)**

12    68.    The allegations set forth in Paragraphs 1 through 67 are realleged and incorporated

13   herein by this reference.

14    69.    Gina owed Plaintiff a duty of ordinary care. Gina had full knowledge that Wagers

15   was Plaintiff's direct supervisor. It was foreseeable, and known by Gina, that due to her close

16   friendship with Wagers, Gina had the ability to influence the management decisions made by

17   Wagers and Sutter relating to Plaintiff's employment.

18    70.    Gina took advantage of her close relationship with Wagers and exerted pressure

19   upon Wagers to take an adverse employment action against Plaintiff with pleas of alleged

20   problems Plaintiff had caused between Gina and Gunter and further pleas of potential financial

21   consequences that could result should Gunter resign his position.

22    71.    Gina knew or should have known that her actions toward Plaintiff as hereinabove

23   alleged would cause Plaintiff to suffer emotional distress.

24    72.    As a proximate result of the acts alleged above, Plaintiff suffered humiliation,

25   mental anguish, and emotional and physical distress, and has been injured in mind and body

26   including stress, anxiety, depression.

27    73.    As a further proximate result of the acts alleged above, Plaintiff has incurred

28   expenses and will incur expenses, including medical expenses. Plaintiff is informed and believes

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4826-2334-8489 v1                               - 14 -

1  and thereon alleges that she will incur some additional medical expenses, the exact amount of

2  which is unknown.

3        74.     By reason of the acts alleged above, Plaintiff was prevented from attending to

4  Plaintiff's usual occupation as a claims representative and thereby lost earnings. Plaintiff is

5  informed and believes and thereon alleges, that Plaintiff will thereby be prevented from attending

6  to Plaintiff's usual occupation for a period in the future which Plaintiff cannot ascertain, and will

7  thereby sustain further loss of earnings.

8        WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

9                          **SIXTH CAUSE OF ACTION**

10           **(Intentional Interference With Prospective Economic Advantage)**

11                         **(Against Defendant Gina)**

12       75.     The allegations set forth in Paragraphs 1 through 74 are realleged and incorporated

13  herein by this reference.

14       76.     Plaintiff has been employed by Sutter since 2001. Gina knew of the employment

15  relationship between Plaintiff and Sutter.

16       77.     Through the friendship between Gina and Wagers, Gina was able to exert extreme

17  pressure on Wagers to take an adverse employment action against Plaintiff, ultimately resulting in

18  the termination of Plaintiff.

19       78.     Within days of Gina sending an e-mail to Wagers demanding and pleading that

20  actions be taken against Plaintiff due to problems the relationship between Plaintiff and Gunter

21  had caused between Gunter and Gina and the potential financial strain it would place on Gunter

22  and Gina should Gunter decide to resign his position, Plaintiff was terminated.

23       79.     As a proximate result of the acts alleged above, Plaintiff was prevented from

24  attending to Plaintiff's usual occupation as a claims representative and thereby lost earnings.

25  Plaintiff is informed and believes and thereon alleges, that Plaintiff will thereby be prevented

26  from attending to Plaintiff's usual occupation for a period in the future which Plaintiff cannot

27  ascertain, and will thereby sustain further loss of earnings.

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4826-2334-8489 v1                                    - 15 -

PLAINTIFF MARIE ANGEL'S SECOND AMENDED COMPLAINT

80.     The acts of defendants alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (Negligent Interference With Prospective Economic Advantage)

### (Against Defendant Gina)

81.     The allegations set forth in Paragraphs 1 through 80 are realleged and incorporated herein by this reference.

82.     Plaintiff has been employed by Sutter since 2001.  Gina knew or should have known of the employment relationship between Plaintiff and Sutter.

83.     Through the friendship between Gina and Wagers, Gina was able to exert extreme pressure on Wagers to take an adverse employment action against Plaintiff, ultimately resulting in the termination of Plaintiff.  Gina knew or should have known that her actions would result in an adverse employment action against Plaintiff.

84.     Within days of Gina sending an e-mail to Wagers demanding and pleading that actions be taken against Plaintiff due to problems the relationship between Plaintiff and Gunter had caused between Gunter and Gina and the potential financial strain it would place on Gunter and Gina should Gunter decide to resign his position, Plaintiff was terminated.

85.     As a proximate result of the acts alleged above, Plaintiff was prevented from attending to Plaintiff's usual occupation as a claims representative and thereby lost earnings. Plaintiff is informed and believes and thereon alleges, that Plaintiff will thereby be prevented from attending to Plaintiff's usual occupation for a period in the future which Plaintiff cannot ascertain, and will thereby sustain further loss of earnings.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4826-2334-8489 v1                                     - 16 -

PLAINTIFF MARIE ANGEL'S SECOND AMENDED COMPLAINT

1

## EIGHTH CAUSE OF ACTION

2

**(Violation of 42 U.S.C. Section 1981)**

3

**(Against Defendants Sutter, Wagers and Gunter)**

4      86.     The allegations set forth in Paragraphs 1 through 85 are realleged and incorporated

5   herein by this reference.

6      87.     Plaintiff has been employed by Sutter since 2001.

7      88.     Plaintiff was treated adversely in her employment based on her race and national

8   origin insofar as Sutter, Wagers and Gunter interfered with the enjoyment of all benefits,

9   privileges, terms, and conditions of the contractual relationship between Plaintiff and Sutter,

10   including without limitation, the termination of that contract in violation of 42 U.S.C. section

11   1981(b). That adverse treatment included being harassed and ultimately terminated as a result of

12   Plaintiff's race and national origin.

13      89.     As a proximate result of Defendant's discriminatory actions against Plaintiff, as

14   alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary,

15   benefits, and additional amounts of money Plaintiff would have received if she were not

16   wrongfully terminated. As a result of such discrimination and consequent harm, Plaintiff has

17   suffered such damages in an amount according to proof at trial.

18      90.     As a further proximate result of defendants' harassment against Plaintiff, as

19   alleged above, Plaintiff has been harmed in that she has suffered the intangible losses of such

20   employment-related opportunities such as opportunity for advancement an experience. As a

21   result of such discrimination and consequent harm, Plaintiff has suffered such damages in an

22   amount according to proof at trial.

23      91.     As a further proximate result of defendants' harassment against plaintiff, as

24   alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental

25   anguish, and emotional and physical distress, and has been injured in mind and body, including

26   but not limited to anxiety and depression. For these Plaintiff has incurred expenses and will incur

27   expenses, including medical expenses. As a result of such discrimination and consequent harm,

28   Plaintiff has suffered such damages in an amount according to proof.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4826-2334-8489 v1                                    - 17 -

PLAINTIFF MARIE ANGEL'S SECOND AMENDED COMPLAINT

1    92.    The conduct of Sutter, Wagers and Gunter was intentional discrimination based

2    upon race and national origin.  The acts of Sutter, Wagers and Gunter alleged above were willful,

3    wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

4        WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

5    **AS TO THE FIRST, SECOND AND EIGHTH CAUSES OF ACTION:**

6        1.    For reasonable attorneys' fees pursuant to Government Code Section 12965(b) and

7    42 U.S.C. Section 1988(b).

8        2.    For back pay, front pay, and other monetary relief according to proof.

9    **AS TO THE FOURTH, SIXTH AND EIGHTH CAUSES OF ACTION:**

10       1.    For punitive damages in an amount appropriate to punish defendant for its

11   wrongful conduct and set an example for others.

12   **AS TO ALL CAUSES OF ACTION:**

13       1.    For general damages according to proof;

14       2.    For special damages, including medical, according to proof;

15       3.    For interest on the sum of damages awarded, calculated (date discrimination

16   began) to the date of judgment;

17       4.    For costs of suit herein incurred; and

18       5.    For such other and further relief as the Court deems proper.

19

20   Dated: June 8, 2011                              BURKE, WILLIAMS & SORENSEN, LLP

21

22                                                    By:

23                                                    Douglas W. Dal Cielo
                                                     Brian M. Affrunti
24                                                    Attorneys for Plaintiff
                                                     MARIE ANGEL

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4826-2334-8489 v1                              - 18 -

PLAINTIFF MARIE ANGEL'S SECOND AMENDED COMPLAINT

1

## PROOF OF SERVICE

2

**Angel vs. Sutter Health, et al.**
3   **Sacramento Superior Court Case No. 34-2009-00055279**

4
       I am a citizen of the United States of America and am employed in the County of
   Sacramento, California. I am over the age of eighteen years and not a party to the within action. My
5   business address is 555 Capitol Mall, Suite 1240, Sacramento, California 95814.

6   On June 15, 2011, I served the within:

7   **NOTICE OF REMOVAL OF ACTION TO FEDERAL DISTRICT COURT
   PURSUANT TO 28 U.S.C. § 1441(b) (FEDERAL QUESTION)**
8
   Sacramento County Superior Court Case No. 34-2009-00055279, by placing a true copy thereof
9   enclosed in a sealed envelope, addressed as follows:

10

11   Brian M. Affrunti, Esq.
   Burke, Williams & Sorensen, LLP
12   2440 West El Camino Real
   Suite 620
13   Mountain View, CA  94040-1499
   650-327-2672 phone
14   650-688-8333 fax

15

   **XXXX**        **and placing the same with postage thereon fully prepaid in the designated area**
16   **for outgoing mail. I am readily familiar with Rediger, McHugh & Owensby,**
   **LLP's practice of collecting and processing correspondence whereby the mail is**
17   **sealed, given the appropriate postage and placed in a designated mail collection**
   **area. Each day's mail is collected and deposited with the United States Postal**
18   **Service after the close of each day's business.**

19   ——————    by placing a true copy thereof in a Federal Express envelope/box for overnight
   delivery in the receptacle located at 555 Capitol Mall, Sacramento, California
20   95814.

21       I declare under penalty of perjury that the foregoing is true and correct. Executed on
   June 15, 2011.

22

23   *Kirsten Morris*

24   Kirsten Morris

25

26

27

28

---

– 1 –

# PROOF OF SERVICE

**Angel vs. Sutter Health, et al.**
**Sacramento Superior Court Case No. 34-2009-00055279**

I am a citizen of the United States of America and am employed in the County of Sacramento, California. I am over the age of eighteen years and not a party to the within action. My business address is 555 Capitol Mall, Suite 1240, Sacramento, California 95814.

On June 15, 2011, I served the within:

### NOTICE OF REMOVAL OF ACTION TO FEDERAL DISTRICT COURT PURSUANT TO 28 U.S.C. § 1441(b) (FEDERAL QUESTION)

Sacramento County Superior Court Case No. 34-2009-00055279, by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

Brian M. Affrunti, Esq.
Burke, Williams & Sorensen, LLP
2440 West El Camino Real
Suite 620
Mountain View, CA 94040-1499
650-327-2672 phone
650-688-8333 fax

**XXXX**        **and placing the same with postage thereon fully prepaid in the designated area for outgoing mail. I am readily familiar with Rediger, McHugh & Owensby, LLP's practice of collecting and processing correspondence whereby the mail is sealed, given the appropriate postage and placed in a designated mail collection area. Each day's mail is collected and deposited with the United States Postal Service after the close of each day's business.**

_____        by placing a true copy thereof in a Federal Express envelope/box for overnight delivery in the receptacle located at 555 Capitol Mall, Sacramento, California 95814.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 15, 2011.

Kirsten Morris